UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KARL M. SPEISER, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | No.: 3:10-CV-98 |
| ) | (VARLAN/SHIRLEY) |
| US BANK *agent of* ELAVON, ) | |
| ) | |
| Defendant/Counter-Claimant. ) | |

**MEMORANDUM OPINION**

This civil action is before the Court on defendant's Motion to Dismiss Pursuant to 28 U.S.C. § 1915(e) and/or for Judgment on the Pleadings [Doc. 13], plaintiff's Motion to Strike the Defendant's Motion to Dismiss Pursuant to 28 U.S.C. § 1915(e) [Doc. 18], and plaintiff's Motion for Leave to File an Amended Complaint [Doc. 27]. Plaintiff filed a response in opposition to defendant's motion to dismiss and/or for judgment on the pleadings [Doc. 20]. Defendant filed a response in opposition to plaintiff's motion to strike [Doc. 21] as well as a response to plaintiff's motion to amend [Doc. 28].

The Court has carefully considered the filings and arguments of the parties in light of the applicable law, and, for the reasons explained below, the Court will deny plaintiff's motion to strike, will grant defendant's motion to dismiss pursuant to 18 U.S.C. § 1915(e), and will deny as moot plaintiff's motion to amend.

**I.      Background**

After receiving leave to proceed *in forma pauperis*, plaintiff commenced this action against defendant, US Bank, a corporation doing business through its registered agent Elavon, whose business address is in Knoxville, Tennessee [Docs. 1, 2, 3].

Plaintiff alleges that he was employed with defendant for approximately 23.5 years, beginning on October 1, 1985 and that, during such time, he received approval to be absent from work three times: in September 2005 for two weeks of short-term disability related to extremely high blood pressure; in October 2005 for two weeks of short-term disability under the federal Family and Medical Leave Act (the "FMLA"); and in March 2006 after falling ill at work and receiving in-house nurse approval to report to a hospital for extremely high blood pressure, which marked the beginning of three months of approved disability leave under the FMLA [Doc. 3, ¶¶ 3-6].

According to plaintiff, when he returned to work in June 2006, he was informed by his supervisor, Kim Hofker, and his manager, Rebecca Hill, that he "was no longer to perform [his] duties as a 7 year Senior Technician in Foreign Network Support ("FNS") but that [he] was being placed in an entry grade–low level data entry position" [*Id.*, ¶ 7]. In August 2006, plaintiff alleges that department managers hired a 24-year-old female to train in FNS, and informed plaintiff that he was to train this person in FNS job functions [*Id.*, ¶ 9].

From September 2006 through February 2007, plaintiff submits that he underwent continuous monitoring of his blood pressure [*Id.*, ¶ 10]. Plaintiff further submits that, during

2

the same time period, he was granted time off for court appearances in Sevier County in connection with a child paternity case [*Id.*].

In March 2007, plaintiff alleges that he received a written warning for work attendance problems over the previous year [*Id.*, ¶ 12]. Plaintiff asserts that he met with Arthur Schwartz, defendant's Human Resources Director, regarding his removal from a senior position in FNS, his demotion to a low-level, low-grade data entry position, and his having received a written warning for attendance problems for dates previously approved by management [*Id.*]. Plaintiff alleges that he was advised by Mr. Schwartz that, "although not necessarily handled correctly[,] the written warning for attendance would stand," but that Mr. Schwartz "had a serious problem with [plaintiff's] demotion and the hiring of a much younger female person to handle" FNS responsibilities [*Id.*].

Plaintiff further alleges that during plaintiff's annual review in April 2007, plaintiff was informed by management that "regardless of [his] performance [he] would never be eligible for any salary increase because [he] was over the limit in the grade position [he] was placed in" [*Id.*, ¶ 13]. Further, during calendar year 2008, plaintiff asserts he had "numerous" conversations with Shanon Carpenter, the person who replaced Mr. Schwartz as Human Resources Director [*Id.*, ¶ 14]. Mr. Carpenter's advice to plaintiff was to apply for positions out of the data entry department [*Id.*].

In January 2009, on the basis of these allegations, plaintiff filed a complaint with the federal Equal Employment Opportunity Commission (the "EEOC") for age discrimination and retaliation [*Id.*, ¶ 17]. In March 2009, plaintiff's employment with defendant was

terminated [*Id.*, ¶ 18]. Plaintiff subsequently filed a second complaint of retaliation with the EEOC [*Id.*, ¶ 19].

Plaintiff's complaint raises claims of age and sex discrimination [*Id.*, ¶¶ 21-25]. Defendant filed an answer to the complaint denying liability, asserting affirmative defenses, and asserting a claim for breach of contract against plaintiff [Doc. 6]. Thereafter, the Court was notified that M.J. Hoover, III would be representing plaintiff [Doc. 9].

## II. Plaintiff's Motion to Strike

Plaintiff advances three arguments in support of his motion to strike defendant's motion to dismiss and/or for judgment on the pleadings. First, plaintiff argues that defendant's motion is "inconsistent with the terms of 28 U.S.C. § 1915, because the statute states that is the procedure to be used when an affidavit involving a prisoner is submitted" [Doc. 18]. Second, plaintiff argues that the motion must be stricken because it fails to state a claim upon which relief can be granted [*See id.*].[1] Finally, plaintiff asserts that defendant's motion should be stricken because it is redundant, immaterial, impertinent, and scandalous [Doc. 18].[2]

Plaintiff is correct in that 28 U.S.C. § 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or

---

[1] Although plaintiff frames his request as a motion to strike the motion to dismiss and/or for judgment on the pleadings, the Court construes plaintiff's request as one to strike the breach of contract claim from defendant's answer.

[2] Plaintiff fails to provide any support for his final argument. The Court thus declines to consider it.

> appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such *prisoner* possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1) (emphasis added). The Sixth Circuit, however, has held that non-prisoners may proceed under section 1915 as well. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997) (*overruled on other grounds* in *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999)) (finding that 28 U.S.C. § 1915 is not limited to prisoner suits despite its references to prisoners). Thus, to the extent that plaintiff seeks to strike defendant's motion because he is not a prisoner, the Court finds plaintiff's argument lacks merit.

With respect to plaintiff's argument that "[t]he pleading fails to state elements under [Federal Rule of Civil Procedure 12(b)(6)] that are sufficient to put forth a case for breach of contract" [*see* Doc. 18], the Court notes that filing a motion to strike another party's pleading on the grounds that the pleading fails to state a claim upon which relief can be granted is an improper use of the motion to strike. *See Brands v. First Transit, Inc.*, Nos. 06-55219, 06-55285, 06-56761, 278 Fed. Appx. 722, 724 (9th Cir. May 8, 2008) (citing 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, at 391 (3d ed. 2004)) ("[Federal] Rule [of Civil Procedure] 12(f) is not a proper way to procure dismissal of all or part of a complaint."); *Rockholt v. United Van Lines*, 697 F. Supp. 383, 386 (D. Idaho 1998) (holding same); *Pierson v. Dean, Witter, Reynolds, Inc.*, 551 F. Supp. 497, 504 (D.C. Ill. 1982) (holding same). Such an argument is more appropriately advanced in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* Fed. R. Civ. P. 12(b)(6) ("[A] party may assert the following defenses [to a claim for relief] . . . failure to

state a claim upon which relief can be granted."). Accordingly, the Court treats plaintiff's request as a motion to dismiss the breach of contract counterclaim.

In defendant's answer, defendant asserts that plaintiff and defendant entered into a Separation Agreement and General Release on or about March 26, 2009, pursuant to which plaintiff released all claims against defendant, known or unknown, including all claims related to his employment or employee benefits, specifically including the terms and conditions of his employment and his termination [Doc. 6]. In return, plaintiff received payment of $33,842.40 [*Id.*]. Defendant asserts that plaintiff is in breach of the agreement because the claims plaintiff asserts in this action are based on the terms and conditions of his employment and his termination, which occurred prior to the date of the agreement [*Id.*].

In deciding a motion under Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inference in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 476 (6th Cir. 2007). Although Rule 8(a) requires merely "a short and plain statement of the claim," to survive a Rule 12(b)(6) motion, a plaintiff must plead facts sufficient to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). Indeed, a plaintiff must plead enough so that his complaint is more than "a formulaic recitation of the elements

of a cause of action." *Twombly*, 550 U.S. at 545 (citations omitted). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

Plaintiff makes no attempt to convince the Court that defendant's allegations fail to state a claim for breach of contract under this standard [*See* Docs. 18, 19]. Rather, plaintiff conclusorily states that defendant's allegations are insufficient to state a claim for breach of contract [*See id.*]. Plaintiff also argues that no proof has been submitted to support a breach of contract claim [Doc. 18], but defendant attached a copy of the alleged agreement at issue to its counterclaim. Finally, plaintiff submits in his response to defendant's motion that he signed the agreement at issue under duress [Doc. 20]. Even so, such assertion, without more, is insufficient to grant a motion to dismiss.

In sum, and for all the reasons explained above, plaintiff's motion to strike lacks merit and will be denied.

## III. Defendant's Motion to Dismiss and/or for Judgment on the Pleadings

Defendant advances two arguments in support of its motion to dismiss and/or for judgment on the pleadings. Defendant argues that the Court must dismiss this case with prejudice under 28 U.S.C. § 1915(e) because plaintiff was untruthful in his application to proceed *in forma pauperis* [*See* Doc. 13]. Defendant also argues that judgment on the pleadings is appropriate because plaintiff signed a separation agreement and general release with defendant when he was terminated in which he released all of his claims against

7

defendant arising from his employment in exchange for a severance payment [*See id.*]. As explained below, the Court finds defendant's first argument convincing and, accordingly, will not address defendant's second argument.

Plaintiff's *in forma pauperis* application is dated March 12, 2010 [Doc. 1, p. 10]. On page three of the application, plaintiff was asked, "HAVE YOU RECEIVED ANY MONEY FROM ANY OF THE FOLLOWING SOURCES WITHIN THE PAST TWELVE MONTHS?" [*Id.*, p. 3]. In response to this question and its list of income sources, plaintiff checked the "No" box next to each one, including the catch-all "Any other source?" [*Id.*]. Defendant points out that the TVA Credit Union printout plaintiff attached to his complaint reflects a "Payroll Deduction" deposit of $331.29 on February 12, 2010 [Docs. 2-1, 14]. Defendant also points out that, when plaintiff's employment was terminated, he signed a separation agreement and general release entitling him to $33,842.40 [Doc. 6, ¶ 4; Doc. 6-1; Doc. 14]. This sum was paid out to defendant beginning on March 16, 2009 and ending on February 10, 2010 [Doc. 6, ¶ 4; Doc. 14].

Further, plaintiff's *in forma pauperis* application asked plaintiff to list any "MORTGAGES PAYABLE ON REAL ESTATE" [Doc. 1, p. 6]. Plaintiff listed a mortgage in the amount of $95,000.00 [*Id.*]. The application also asked plaintiff to list "REAL ESTATE–CURRENT FAIR MARKET VALUE" [*Id.*, p. 4]. Plaintiff left this entry blank. Defendant has produced real estate assessment data from the website of the Tennessee Comptroller of the Treasury, however, which indicate that plaintiff's home was valued at $121,600.00 when the home was last appraised for tax purposes in 2006 [Doc. 13-1].

Plaintiff does not refute receiving the $33,842.40 nor the validity of the appraisal of his real estate [*See* Doc. 20]. Rather, plaintiff submits that he expended all his income [*Id.*]. Although plaintiff claims to have submitted documentation to the Court demonstrating such, plaintiff's filing lacks any supporting documentation, and, in light of the proof submitted by defendant, the Court declines to accept plaintiff's assertion without any additional facts or supporting documentation [*See id.*].

Accordingly, the Court finds defendant's unrefuted evidence demonstrates that plaintiff's allegations of poverty were untrue. The Court, therefore, must dismiss plaintiff's case. 28 U.S.C. § 1915(e)(2)(A). *See also Redd v. Redmon*, 215 F.3d 1327 (table), No. 99-6001, 2000 WL 658291, at *1 (6th Cir. May 9, 2000) (unpublished) (affirming district court's dismissal of plaintiff's suit because plaintiff's allegation of poverty was false); *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) (same). Despite defendant's citation to Seventh Circuit law, the Court declines to dismiss plaintiff's case with prejudice. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (noting that dismissal under the former version of § 1915(e)(2)(A) was not "dismissal on the merits, but rather an exercise of the court's discretion under the *in forma pauperis* statute" and that "dismissal does not prejudice the filing of a paid complaint making the same allegations").

## IV.    Plaintiff's Motion to Amend and Defendant's CounterClaim

Given the Court's finding with respect to defendant's motion to dismiss, the Court will deny as moot plaintiff's motion to amend the complaint [Doc. 27]. In addition, as the Court is dismissing plaintiff's case against defendant, the Court declines to exercise

supplemental jurisdiction over defendant's state law counterclaim for breach of contract. 28 U.S.C. § 1367(c)(3). *See also J&J Prod., Inc. v. Schmalz*, No. C-1-09-305, 2010 WL 3672336, at *7 (S.D. Ohio Sept. 17, 2010) (declining to exercise supplement jurisdiction over defendant's state law counterclaim where court dismissed plaintiff's sole claim against defendant). The counterclaim, therefore, will be dismissed without prejudice.

**V.    Conclusion**

For the reasons explained above, plaintiff's Motion to Strike the Defendant's Motion to Dismiss Pursuant to 28 U.S.C. § 1915(e) [Doc. 18] will be **DENIED**; Defendant's Motion to Dismiss Pursuant to 28 U.S.C. § 1915(e) and/or for Judgment on the Pleadings [Doc. 13] will be **GRANTED**; plaintiff's Motion for Leave to File an Amended Complaint [Doc. 27] will be **DENIED AS MOOT**. Plaintiff's claims against defendant will be **DISMISSED** without prejudice, and defendant's counterclaim against plaintiff will be **DISMISSED** without prejudice as well. The Clerk of the Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE