UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| KARL M. SPEISER, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-CV-98 |
| | ) | |
| U.S. BANK, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

This matter is before the Court on the Plaintiff's Motion/Application for Leave to Appeal *In Forma Pauperis* [Doc. 32], which has been referred to the undersigned, pursuant to 28 U.S.C. § 636(b) and the Rules of this Court, for disposition or for report and recommendation as may be appropriate. The Plaintiff has filed the his Motion/Application for Leave to Appeal *In Forma Pauperis* [Doc. 32], along with a Notice of Appeal [Doc. 31].

In his Motion/Application to Proceed *In Forma Pauperis* [Doc. 32], the Plaintiff asks to proceed on appeal without payment of fees or costs. Pursuant to the Federal Rules of Appellate Procedure, a party requesting to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). He or she must first file a motion seeking such relief with the district court. See Fed. R. App. P. 24 (a)(1). "With that motion, the individual must attach an affidavit showing in detail the information prescribed by Form 4 of the Appendix of Forms to the Federal Rules of Appellate Procedure: the individual's ability to pay or give security for fees and costs; the right to

redress; and the issues the party intends to present on appeal. Callihan, 178 F.3d at 803 (citing Fed. R. Civ. P. 24(a)(1)). If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24 (a)(4)-(5).

"A party who was permitted to proceed in forma pauperis in the district-court action, . . . may proceed on appeal in forma pauperis without further authorization, unless the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding . . . ." Fed. R. App. P. 24 (a)(3)(A).

In this case, the Plaintiff was previously allowed to proceed *in forma pauperis* [see Doc. 3]. The District Judge, after briefing on the *in forma pauperis* issue, found that "unrefuted evidence [demonstrated that the Plaintiff's] allegations of poverty were untrue." [Doc. 29 at 9]. Specifically, the District Judge found that the Plaintiff had failed to disclose the equity in his home and severance payments made to him by the Defendant. [Doc. 29 at 8-9]. On this basis, the Court found that it was required to dismiss the Plaintiff's case. [Doc. 29 at 9].

Now before the Court is the Plaintiff's Motion/Application for Leave to Appeal *In Forma Pauperis* [Doc. 32]. In the present application, signed January 18, 2011, the Plaintiff discloses the almost thirty thousand dollars in equity he has in his home, along with unemployment benefit payments he receives. However, when asked: "HAVE YOU RECEIVED ANY MONEY FROM ANY OF THE FOLLOWING SOURCES WITHIN THE PAST TWELVE MONTHS?" [Doc. 32 at 3], Plaintiff once again checked the "No" boxes indicating that he had not received any income from any source, though he did reference unemployment benefits.

Even when asked generally and generically if he had received income from "Any other source?," the Plaintiff makes no mention of payments he has received from the Defendant within the last year, despite the fact that the Complaint indicates that he received a direct deposit from "US Bank National Dir Dep." on February 12, 2010 in the amount of $331.29. [Doc. 2-1 at 2]. Further, as noted in Defendant's/Counter-Plaintiff's Answer and Counterclaim, Plaintiff received of $33,842.40 beginning on March 16, 2009 and ending on February 10, 2010. [Doc. 6 at 5]. Thus, the Plaintiff has, once again, failed to disclose severance amounts that he would have received in January 2010 and February 2010, a total of approximately $5,640.

Accordingly, the Court finds finds that the Plaintiff "is not otherwise entitled to proceed in forma pauperis," under Rule 24(a)(3)(A), of the Federal Rules of Appellate Procedure. The Court has explained its reasons for so finding above – specifically, the Plaintiff's repeated failure to disclose income. Thus, despite the prior authorization to proceed *in forma pauperis*, the Plaintiff will not be allowed to proceed *in forma pauperis* on appeal.

Based upon the foregoing, the undersigned **RECOMMENDS**[1] that the Court **DENY** Plaintiff's Motion/Application for Leave to Appeal *In Forma Pauperis* **[Doc. 32]**, and **ORDER** that if Plaintiff intends to pursue his appeal, he must also pay the full appellate filing fee or file a motion

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

Respectfully Submitted,

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge
